P. C. Ross v. John Cunningham, et al.

**Slander—Instructions.**

> When in defense of a slander suit the defense of justification is pleaded and relied upon, it is error for the court to charge the jury that if they believe the slanderous words were spoken they must find for the plaintiff unless they believe from the evidence beyond a reasonable doubt that the words spoken were true.

**Reasonable Doubt.**

> It is not incumbent on a defendant in a slander suit to prove the truthfulness of the words spoken beyond a reasonable doubt.

APPEAL FROM MARSHALL CIRCUIT COURT.

November 15, 1876.

Opinion by Judge Elliott:

In this action of slander the appellees charged that the appellant said in the hearing of witnesses that John Cunningham (the male appellee) found his wife (a female appellee) in a whorehouse in Louisville, Ky.

The appellant at first filed his answer of not guilty, which he afterwards withdrew, and filed an answer in which he admitted that he spoke the words in a private conversation to his wife and without any intention that said words should be published. He, however, stated that the words so uttered by him were true, which in effect made his answer amount to a plea of justification.

On this issue the parties went to trial; and after hearing the evidence of many witnesses for each party to this litigation, and after hearing the instructions of the court and arguments of counsel, the jury rendered a verdict for the appellees for the sum of three thousand dollars. Appellant's motion for a new trial having been overruled he has brought the case to this court, and insists that said judgment should be reversed for many reasons.

We are of opinion that the evidence conduced to prove the utterance of the words as charged by appellees to have been uttered by appellant, and as the jury had a right to decide from the evidence whether the plea of justification had been sustained, and also the amount the female appellee had been damaged, and as they did decide that the appellant spoke the words, and that they were slanderous, and as they fixed, as they had the right to do, the damage done to the female appellee, said verdict must stand unless the court erred in its instructions to the jury.

By instruction No. 2, asked by the appellees, the jury are in substance told that if they believe from the evidence that the appellant uttered the slanderous words as charged against him, then they must find for the appellees, unless they believe from the evidence beyond a reasonable doubt that at the time of the marriage of the male and female appellees the said female was a prostitute. This instruction was clearly erroneous, and the error was not cured by a subsequent instruction in which the jury were told that the plea of justification could be sustained by a preponderance of the evidence adduced on the trial.

We know of no rule of law that requires that the evidence shall be so conclusive as to shut out all reasonable doubt of the facts charged in any civil action in this country. It is only where the life or liberty of the citizen is involved that a rational doubt of guilt in the juror's mind amounts to an acquittal.

It has been said by some jurists, eminent in their profession, that where a party is accused of a crime which, if true, would deprive him of his liberty, his accuser, if he justifies, ought to satisfy the minds of the jury in an action of slander even beyond a reasonable doubt of the truth of the offense charged; but the contrary doctrine has been held by this court.

But the words charged to have been spoken in this case do not amount to a criminal charge. If all that appellant said of the female appellee were true, then she would only be guilty of a misdemeanor, and not a crime, and the appellant's plea of justification required no more evidence to sustain it than a plea in bar of any other civil action does.

It was also erroneous to instruct the jury that both of the appellees could not be witnesses in this suit. It was the duty of the court, if more than one of the appellees had been offered as a witness, to have rejected the witness improperly offered; but as such a ruling was a question of law the jury had nothing to do with it.

There appears to have been some irrelevant evidence given to the jury, but as the case has to be reversed for the errors indicated they will not be stated in detail.

For the errors indicated the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Charles S. Marshall, R. K. Williams, for appellant.*
*J. C. Gilbert, J. B. Husbands, for appellees.*